**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Brian Conor Jacobs, MD<br><br>Plaintiff,<br><br>v.<br><br>Karl T. Clebak, MD, et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Docket No.: 1:26-cv-01167 |

**<u>STIPULATED JOINT CONFIDENTIALITY AGREEMENT</u>**

Defendants, Karl T. Clebak, M.D., Kevin P. Black, M.D., and Nasrollah Ghahramani, M.D., M.S., F.A.C.P. (collectively "Defendants"), by and through their attorneys, Buchanan Ingersoll & Rooney, PC, along with Plaintiff, Brian Conor Jacobs, MD ("Plaintiff"), by and through his undersigned counsel, Engel & Martin, LLC and Myers, Brier & Kelly, LLP (collectively, the "Parties"), stipulate and agree to the following Stipulated Joint Confidentiality Agreement:

**A. <u>Proceedings and Information Governed</u>**

1. This Stipulated Confidentiality Agreement and any amendments or modifications hereto (the "Agreement") shall govern any document, information or other thing furnished by any party at any time during the pendency of this matter, to any other party, and includes non-parties who receive a subpoena in connection with

this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents—including documents produced in response thereto, deposition transcripts and videotapes, deposition exhibits, responses to third party subpoenas and other writings or things produced -- given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Agreement, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**B. <u>Designation and Maintenance of Information</u>**

2. For purposes of this Agreement, the "Confidential" designation shall mean any documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, other sensitive information that is not publicly available regarding the Parties and/or current/former employees of The Milton S. Hershey Medical Center and/or would subject any person to embarrassment due to the public disclosure of private information. The "Confidential" designation shall also mean personally identifying information with respect to students or employees,

education records, and other information that may be covered by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 C.F.R. Part 99 or other federal or state law.

3. For purposes of this Agreement, “Document” or “Documents” shall mean all originals, copies and non-identical copies, however or whenever produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, electronic data, motion pictures, e-mail, forensic copies of cellular phones, text messages, and/or all other electronic files and data files.

4. Information, including documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as “Confidential” as follows:

a. Any producing party shall mark any documents or items it wishes to designate “Confidential” with the appropriate confidentiality markings at the time of production. Initial failure, by inadvertence or otherwise, to mark a particular item as “Confidential” shall not preclude a subsequent marking of such item.

b. Electronic evidence may initially be designated as “Confidential” in writing such that counsel are aware that the information contained within the electronic

devices may contain confidential information. The parties' categorical designation of such devices is necessary based on the expedited nature of this case, and counsel agrees to confer regarding individual documents regarding their confidentiality and the applicability of this Agreement to them before using or disclosing them outside the parameters of the Agreement.

c. Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice to all parties herein designating information as "Confidential" within thirty (30) business days after the transcript of the testimony is delivered to the party designating the testimony or document as confidential; or (iii) by stamping or writing "Confidential" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable. All information disclosed during a deposition shall be deemed to have been designated "Confidential" for thirty (30) business days after the transcript of the deposition has been delivered, whether or not any portion of the transcript or document has been so designated previously. Written notices of "Confidential" information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.

d. Any party may designate a document produced by a non–party pursuant to subpoena, order of court, or otherwise as "Confidential" by sending written notice to all parties herein designating such document as "Confidential" within thirty (30) business days after the document is delivered to the party designating the

document as confidential or after this Agreement is executed by all parties, whichever is later.

## C. **Inadvertent Production of Privileged Information**

5. When a disclosure of documents and materials containing privileged information is made in this Action, the disclosure does not operate as a waiver in this Action or any other federal or state proceeding if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed.R.Civ.P. 26(b)(5)(B).

6. Inadvertent production of privileged information must be handled as follows:

a. In the event (i) that received documents or information appears to the receiving party on its face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party must (except to the extent necessary to challenge the privilege claim) not review, copy, or disseminate the privileged information, nor may it disclose their substance. In addition, the receiving party must return the privileged information and/or certify they destroyed such information within ten (10) business days after the first event that occurs under (a)(i) or (ii) above.

b. If the receiving party believes it has a good-faith basis for challenging the privilege or other claim, counsel for the receiving party must provide counsel for the producing party with a written explanation of the good- faith basis for its belief that the inadvertently produced documents or materials are not privileged information within ten (10) business days

after the first event that occurs under the section (a)(i) or (ii) above.

c. Counsel for the producing party must respond in writing to receiving party's counsel's timely challenge to the privilege claim within seven (7) business days from receipt of the challenge.

d. In the event the Parties cannot agree as to the privilege status of the inadvertently produced documents or materials, the receiving party has fourteen (14) business days from receipt of the producing party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or materials.

e. Within five (5) business days of the receiving party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or materials, the producing party must file under seal with the Court a copy of the inadvertently produced documents or materials for *in camera* inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court must be provided to counsel for the moving party.

7. The receiving party will have no liability under this section for any use or disclosure of any privileged information if, and only if, (i) the received documents or materials do not appear on their face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party complies with the procedures set forth in this Agreement.

**D. <u>Challenge to Designations</u>**

8. A receiving party may challenge a producing party's designation within ten (10) business days of the full execution of this Agreement (for documents previously produced) or within thirty (30) calendar days after production. If challenged, the producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach an agreement after the expiration of this ten (10) business day timeframe, and after the parties participate in a telephonic or in-person conference in an attempt to resolve the disagreement, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Agreement.

**E. <u>Disclosure and Use of Confidential Information</u>**

9. Information designated as "Confidential" may only be used for purposes of this action, including any appeal, absent approval under paragraph 11.

10. No copies of information designated as "Confidential" shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal. Any person responsible for making such copies must ensure that the copies adequately reflect any "Confidential" stamp or legend thereon or are designated in such a

manner that any person permitted to receive such information reasonably knows it has been designated as such.

11. Information designated "Confidential," including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except as follows: (a) any court and its staff, including but not limited to any jury presiding over the case (subject to any motions *in limine* that may be filed); (b) any court reporter who records any deposition or other testimony in this case; (c) the parties and any attorney acting on the trial team of a party in the above-captioned action, including corporate counsel of any party; (d) any paralegal, clerical employee, and/or law clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action; (e) any co-employee/colleague of the Defendants and any family member who is an attorney of the parties who in good faith is providing assistance in the conduct of this litigation; (f) experts or consultants; (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services, or the creation of any computer database from documents; (h) any deponent, if it is during a deposition and reasonably

necessary in furtherance of litigation in this matter; and (i) the authors and the original recipients of the documents.

In the event that a party desires to disclose to any person not included in (a) through (i) above any document designated as "Confidential," such party shall provide at least seven (7) business day's advance notice in writing to counsel of record. Should such counsel object in writing to the disclosure of such confidential information to that person, the party seeking disclosure may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

Nothing in this Agreement shall prohibit the producing party from using documents and/or information over which that party was the sole party to designate same as "Confidential" for their own purposes outside of this action.

12. Each person to whom information designated as "Confidential" is revealed, disclosed or made available for inspection (except the persons identified in Paragraph 11 subsections (a), (b), (c), (d) (e), (h) and (i) above) shall, prior to having access to such information, review this Agreement and sign the Acknowledgment of Stipulated Agreement in the form attached hereto as Exhibit "A."

13. All persons authorized by this Agreement to receive copies of information designated "Confidential" information under this Agreement (other than any court and its staff) to whom any "Confidential" materials are furnished,

shown or disclosed, shall be shown a copy of this Agreement, and shall be bound by its terms.

**F. Filing Documents Designated as "Confidential"**

14. To the extent a party desires to file "Confidential" information or documentation with the Court, counsel for the party desiring to file such information or documentation shall first confer with counsel for the party who designated the information or documentation as "Confidential" in order to determine if an appropriate redaction would be acceptable to both parties. To the extent an agreement cannot be reached, the party desiring to file such "Confidential" information or documentation must seek permission from the Court to file it under seal.

**G. No Prejudice**

15. Producing or receiving confidential information, or otherwise complying with the terms of this Agreement, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for a protective

order; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**H. <u>Conclusion of Litigation</u>**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Agreement shall be under an obligation to destroy or return to the producing party all materials and documents containing "Confidential" information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work produced provided that any such materials are maintained and protected in accordance with the terms of this Agreement.

**I. <u>Remedies</u>**

17. Any violation or breach of this Agreement shall constitute a breach of contract for which there shall be liability for any and all damages resulting from said violation or breach. All other remedies available to any person(s) injured by a violation of this Confidentiality Agreement are fully reserved.

18. This Agreement shall survive and shall remain in full force and effect after the settlement or termination of this action.

**J. No Waiver of Any Privileged Information in This Action**

19. The Parties hereby agree that Fed.R.Evid. 502 applies to all Documents produced in this action to prevent the waiver of attorney-client privilege or work-product doctrine.

20. The Parties agree that any disclosure of Documents otherwise protected by the attorney-client privilege or work-product doctrine is unintentional and inadvertent and will not justify a waiver of such privilege.

21. The Parties agree that they have each taken reasonable steps to prevent the disclosure of information otherwise protected by the attorney-client privilege or work-product doctrine in the Documents being produced.

22. The Parties agree their counsel will notify each other if any Document is discovered to contain any information protected by the attorney-client privilege or work-product doctrine and will take the steps outlined in Fed.R.Civ.P. 26(b)(5)(B), and as further stated above.

23. Consistent with Fed.R.Evid. 502, the Parties agree that any disclosure of privileged information, and/or information protected by the work-product doctrine, does not constitute a waiver in this action.

**K. No Waiver of any Privileged Information in Any Other Action**

24. Consistent with Fed.R.Evid. 502, the Parties agree that any disclosure of privileged information does not constitute a waiver in any other federal, state, or arbitration proceeding.

25. The Court retains the right to modify this Agreement, or allow disclosure of any subject covered by this Agreement, at any time in the interest of justice.

**ENGEL AND MARTIN, LLC**

*/s/ Joshua A. Engel*
Joshua Adam Engel, Esquire

**BUCHANAN INGERSOLL & ROONEY, PC**

*/s/ Geoffrey F. Sasso*
Geoffrey F. Sasso, Esquire
Anthony (T.J.) Andrisano, Esquire

**MYERS, BRIER & KELLY, LLP**

*/s/ Daniel T. Brier*
Daniel T. Brier, Esquire
Frank J. Brier, Esquire

Dated: August 13, 2026

SO ORDERED:

________________________
Judge Wilson
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ______________________ Plaintiff, | : | |
| v. | : | |
| ______________________ | : | Docket No.: ______________________ |
| Defendant. | : | |

**ACKNOWLEDGEMENT OF STIPULATED CONFIDENTIALITY AGREEMENT**

I, ________________________________________________, under penalty of perjury, state that:

i. I reside at ____________________________________________, County of ___________________________, State of ___________________________________.

ii. I have received a copy of the Stipulated Joint Confidentiality Agreement (the "Agreement") in this case dated ________________, 2026 and have carefully read and fully understand the provisions of the Agreement.

iii. I will comply with, and be bound by, all of the provisions of the Agreement.

iv. I submit to the jurisdiction of this Court for any proceedings with respect to said Agreement.

v. I will hold in confidence and will not copy, discuss, or divulge to persons other than those specifically authorized by said Agreement, any documents, materials or information obtained pursuant to said Agreement.

vi. I will return all such documents, materials, or information and copies of documents, materials, or information obtained pursuant to the Agreement which come into my possession, to the attorneys for the party by whom I am employed or retained, or to the attorney from which I received the documents, materials, or information upon notice that this action has been resolved or dismissed.

DATED: ____________________________ __________________________________________

Printed Name: ____________________________